IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-270-D

| | | |
|---|---|---|
| YVETTE ISKANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DEPARTMENT OF THE NAVY, and | ) | |
| RAYMOND MABUS, Secretary, | ) | |
| | ) | |
| Defendants. | ) | |

On September 18, 2012, Yvette Iskander sued the Department of the Navy and its Secretary, Raymond Mabus (collectively "the Navy"), alleging employment discrimination. Compl. [D.E. 1]; see also Am. Compl. [D.E. 10]. On January 28, 2013, the Navy moved to dismiss Iskander's complaint for lack of subject-matter jurisdiction and for failure to state a claim, and moved in the alternative for summary judgment [D.E. 15]. On June 12, 2013, the court denied without prejudice the Navy's motion to dismiss [D.E. 21]. On July 22, 2013, the Navy renewed its motion to dismiss [D.E. 25], but moved only under Fed. R. Civ. P. 12(b)(1), asserting that Iskander has failed to exhaust her administrative remedies and that this court accordingly lacks subject-matter jurisdiction over her claims. As explained below, the court denies the Navy's motion to dismiss.

I.

Beginning in October 2007, Iskander worked as a pharmacist at the Naval Hospital on Camp Lejeune. Am. Compl. ¶ 4; [D.E. 26-2] 3. Iskander alleges that she was discriminated against and subjected to a hostile work environment based on her race and national origin (she is Egyptian), her physical disability (she has a lower-back problem), her sex, and her age (she is now 60 years old). Am. Compl. ¶ 5; see also Am. Compl. Ex. A [D.E. 10-1].

On December 18, 2009, Iskander filed an informal complaint concerning alleged employment discrimination with the Navy Equal Employment Opportunity ("EEO") office. Am. Compl. ¶ 7; [D.E. 26-2] 3. On March 10, 2010, after Iskander had consulted with an EEO counselor about her claims, the Navy notified her of her right to file a formal discrimination complaint with the Navy EEO. See [D.E. 33-1]. Thirteen days later, on March 23, 2010, Iskander filed her formal complaint. See [D.E. 17-2].

While her EEO complaint was pending, Iskander continued to have problems interacting with her coworkers. The situation deteriorated and, on June 18, 2010, the Navy charged Iskander with disorderly conduct and battery and proposed to remove her from federal service. See [D.E. 17-4]. On October 5, 2010, after finding those charges to be supported by a preponderance of the evidence, the Navy followed through on its proposal and removed Iskander from her job. See [D.E. 17-5]. On October 26, 2010, Iskander appealed her removal to the Merit Systems Protection Board ("MSPB"), see [D.E. 17-6], thus initiating a second administrative proceeding, taking place in parallel with the proceedings at the agency EEO on her discrimination claims.

An appeal to the MSPB "may merely allege that the agency had insufficient cause" for taking the appealed action, "but the appeal may also or instead charge the agency with discrimination." Kloeckner v. Solis, 133 S. Ct. 596, 600 (2012). On her MSPB appeal form, Iskander alleged both that the Navy had insufficient cause for removing her, see [D.E. 17-6] 5, and that her removal was due to unlawful discrimination. See id. 7. But in Iskander's pre-hearing submission to the MSPB's Administrative Law Judge ("ALJ"), Iskander indicated that she was not asserting any affirmative defenses, and the MSPB considers a discrimination claim to be an affirmative defense. See [D.E. 17-1] 2. Thus, when, on February 9, 2011, the ALJ upheld the Navy's decision to remove Iskander from federal service, he did not discuss Iskander's discrimination claims.

2

Iskander appealed the ALJ's decision to the full MSPB, which held that the record was insufficiently clear about whether Iskander had withdrawn her discrimination claims, and remanded the case to the ALJ to clarify whether she had. Iskander v. Dep't of the Navy, No. DC-0752-11-0090-I-1 (M.S.P.B. Dec. 20, 2011);[1] see [D.E. 17-1] 2. On remand, Iskander "respectfully request[ed] that she be allowed to withdraw the affirmative defense of discrimination," explaining that her intent was "to litigate her discrimination claim solely in the EEOC administrative setting." [D.E. 17-1] 3. In response, on January 18, 2012, the ALJ adopted his earlier findings and again upheld the Navy's decision to remove Iskander. See id. Iskander appealed, and on November 1, 2012, the full MSPB affirmed the ALJ's decision. See [D.E. 17-9].

Meanwhile, Iskander's proceedings at the Navy EEO office continued. On October 27, 2010, she requested a hearing on her discrimination claims. See [D.E. 17-7] 1 (summarizing proceedings at the Navy EEO office). Between April and November 2011, she moved three times to amend her complaint to include additional examples of discrimination, and to include a reprisal claim, asserting that she had been discriminated against for filing her original complaint at the EEO office. See id. On February 9, 2012, the Navy moved to dismiss Iskander's discrimination claims at the EEO office, arguing that those claims were inextricably intertwined with her claims before the MSPB (even though at that point, Iskander had withdrawn her discrimination claims from the MSPB proceeding). See id. Iskander opposed the Navy's motion to dismiss, arguing that the two proceedings covered distinct subject matter. See id.

On June 27, 2012, before the Navy EEO office could conduct a hearing in Iskander's case, Iskander withdrew her request for one. See [D.E. 17-7] 2. On June 29, 2012, the EEO office

---

[1] Available at http://www.mspb.gov/netsearch/viewdocs.aspx?docnumber=676979&version=679016&application=ACROBAT (last visited Mar. 17, 2014).

3

formally dismissed Iskander's request for a hearing, but in doing so noted that further investigation of Iskander's reprisal claim could be necessary. Id. On September 21, 2012, the Navy EEO office remanded Iskander's case for a supplemental investigation, see [D.E. 17-10], but by the time it did, Iskander had already filed suit in this court, on September 18, 2012. See Compl. [D.E. 1]. After she filed her federal suit, Iskander stopped cooperating with the Navy EEO office's administrative investigation. See [D.E. 17-11] 8–10. On November 19, 2012, the administrative process ended when the Navy EEO issued a final agency decision dismissing Iskander's discrimination complaint. See [D.E. 17-11]; 29 C.F.R. § 1614.107(a)(3) ("[T]he agency shall dismiss an entire complaint . . . [t]hat is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint.").

II.

The Navy seeks dismissal for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that Iskander has failed to exhaust her administrative remedies. See, e.g., Sydnor v. Fairfax Cnty., 681 F.3d 591, 593 (4th Cir. 2012); Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). Under Rule 12(b)(1), the plaintiff bears the burden of establishing federal jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998); Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the 12(b)(1) motion challenges the factual basis for jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co., 945

4

F.2d at 768. The motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Id.

First, the Navy contends that Iskander did not timely assert three of the many instances of discrimination she alleges. The Navy cites 29 C.F.R. § 1614.105(a)(1), which provides that "[a]n aggrieved person must initiate contact with a Counselor [i.e., file an informal complaint] within 45 days of the date of the matter alleged to be discriminatory." See Def. Mem. Supp. Mot. Dismiss [D.E. 26] 14, 16–17. This requirement, however, is not jurisdictional; it merely functions as a statute of limitations. See, e.g., Zografov v. V.A. Med. Ctr., 779 F.2d 967, 968–69 (4th Cir. 1985); Johnson v. Holder, Civil Action No. 4:10-1222-JMC-TER, 2013 WL 787667, at *7 (D.S.C. Jan. 16, 2013) (unpublished); Grey v. Potter, No. 1:00 CV 00964, 2003 WL 1923733, at *7 (M.D.N.C. Apr. 21, 2003) (unpublished); cf. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Thus, the Navy's argument that Iskander failed to timely assert some of her claims is not properly raised in a 12(b)(1) motion.

Next, the Navy contends that Iskander failed to file her formal complaint at the Navy EEO office within fifteen days of receiving notice of her right to file the complaint. The record, however, shows that Iskander timely filed her formal complaint. The Navy notified Iskander of her right to file a formal complaint on March 10, 2010, and Iskander filed thirteen days later, on March 23, 2010. See [D.E. 33-1, 17-2].

Finally, the Navy contends that Iskander has failed to exhaust her administrative remedies because she "withdrew from the EEO administrative process prior to its completion." Def. Mem. Supp. Mot. Dismiss 18. In support of that contention, the Navy cites a written statement that Iskander made on November 5, 2012—after she had already initiated her federal suit—that she would "never go back to the EEO and [be] involved in any investigation" and would "never have

5

any hearing with any EEO ALJ," but rather would proceed with her suit in federal court. [D.E. 17-11] 10. Iskander responds that "she did cooperate despite the best efforts of the Agency to dissuade her," and that, in any event, whether she "failed to willfully cooperate with the Agency EEO is a question of fact best resolved by the trier of fact." Pl. Reply Mem. [D.E. 34] 2.

A federal employee who files a Title VII complaint must participate in good faith in the administrative process. See Austin v. Winter, 286 F. App'x 31, 36 (4th Cir. 2008) (per curiam) (unpublished) (collecting cases); Woodard v. Lehman, 717 F.2d 909, 914 (4th Cir. 1983). However, if the agency fails to reach a final decision within 180 days of the date the employee files her formal complaint, the employee is entitled to file suit in federal district court. See 42 U.S.C. § 2000e-16(c). And once the employee files a federal lawsuit, neither she nor the agency have a duty to continue the administrative investigation. In fact, the agency is required to dismiss the complaint once the employee has filed suit, just as the Navy dismissed Iskander's complaint in this case. See [D.E. 17-11]; 29 C.F.R. § 1614.107(a)(3). Thus, Iskander's failure to continue to participate in the administrative process after she filed suit in this court does not deprive this court of jurisdiction over her claims. See, e.g., Brown v. Tomlinson, 462 F. Supp. 2d 16, 20–21 (D.D.C. 2006).

III.

In sum, the court DENIES the Navy's motion to dismiss for lack of subject-matter jurisdiction [D.E. 25].

SO ORDERED. This 17 day of March 2014.

JAMES C. DEVER III
Chief United States District Judge